*Co. et al.* v. *United States*, 26 C.C.P.A. (Customs) 63, T.D. 49611, which were cited by the court in the case of *John L. Westland & Son, Inc.* v. *United States*, 35 Cust. Ct. 292, Abstract 59419, referred to by defendant in its brief.

The decision in the *Westland* case, *supra*, involved certain metal sink strainers which were classified and claimed under the same provisions as are involved herein. The court, in sustaining the classification of the collector, held that while the involved strainers may, in the very broad sense, respond to the denomination, utensils, they are not household utensils within the purview of paragraph 339, *supra*, as they are without utility or function, except when inserted into the drains of sinks which were concededly fixtures.

In all three of the above-cited cases, the apparent reasoning was based upon the fact that the articles were permanently affixed in the household and became part of the reality, citing 26 C.J. 651 *et seq.*, section 1, *et seq.* The distinguishing factor relative to the merchandise at bar is that the mere attachment of it to a table or board does not constitute the article as realty. On the contrary, said article remains personalty in the same manner as would a wall can opener, a meat grinder, a towel rack, a spice holder, or a myriad of household utensils of utility which must be permanently or temporarily attached before they can function for their intended purpose.

In view of the foregoing, we are of the opinion that the involved meat holders fall within the purview of "household utensils," as used in paragraph 339 of the Tariff Act of 1930, as modified, *supra*, and are properly dutiable at the rate of 15 per centum ad valorem, as claimed by plaintiff.

To the extent indicated, the specified claim in the above suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.

BEFORE THE THIRD DIVISION, MARCH 8, 1960

No. 63929.—Dreyfus Ashby & Co., Inc. *v.* United States, protest 58/18828 (New York).

Opinion by JOHNSON, J. It was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351) and that the one carton of liquor reported by the inspector as manifested, not found, was not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited, it was held that duty and internal revenue tax are not assessable upon the one carton of liquor, which was reported by the inspector as manifested, not found. The protest was sustained to this extent.

No. 63930.—Altray Co. et al. *v.* United States, protests 270691–K, etc. (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of chewing gum similar in all material respects to that the subject of *Fred L. Strauss* v. *United States* (43 Cust. Ct. 136, C.D. 2117), the claim of the plaintiffs was sustained.

**No. 63931.**—Al-Tray Co. *v.* United States, protests 58/9365, etc. (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of chewing gum similar in all material respects to that the subject of *Fred L. Strauss* v. *United States* (43 Cust. Ct. 136, C.D. 2117), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MARCH 9, 1960

**No. 63932.**—Wilkinson Publishing Co., Ltd., et al. *v.* United States, protests 59/4982, etc. (New York).

Opinion by RAO, J.   In accordance with stipulation of counsel that the merchandise consists of gift tags, composed wholly or in chief value of paper, lithographically printed, not over twelve one-thousandths of an inch in thickness, which are not gift or social cards, the claim of the plaintiffs was sustained.

**No. 63933.**—Daido Corp. *v.* United States, protest 59/6766 (Philadelphia).

Opinion by RAO, J.   In accordance with stipulation of counsel that the merchandise consists of cotton and rubber tapes in chief value of india rubber, the claim of the plaintiff was sustained.

**No. 63934.**—The American Import Co. *v.* United States, protest 58/451 (San Francisco).

FORD, Judge:   The merchandise, the subject of this suit, was invoiced as "flower-scissors," and assessed with duty at the rate of 10 cents each and 22½